The bill and supporting affidavits allege that complainant, owning half of the capital stock of Atlantic Sheet Metal Works, Incorporated, desired to acquire the rest of the stock, held by one Luciana; that his purchase of this stock was dependent upon defendant's agreeing that the balance then owing to her on notes upon which complainant and the corporation were liable was $1,675, which would involve giving him and the corporation credit for a disputed payment of $325, and upon defendant's granting an extension of time for the payment of the notes; that these proposals were discussed orally and assented to by the defendant; that a draft of an agreement to carry the plan into effect was prepared, presented to and approved by defendant; that complainant, *Page 446 
relying upon defendant's promise to execute the written agreement, completed the stock purchase transaction; that then defendant refused to sign the draft of agreement; that later, in violation of her promise to extend the time of payment, she instituted suit on seven of the notes. Thereupon complainant filed a bill and obtained an ad interim restraint against the prosecution of the suit at law, against the negotiation of the unmatured notes held by defendant, and against the foreclosure of the chattel mortgage. On the return of an order to show cause why the preliminary restraint should not be continued, pendentelite, defendant moves to dismiss the bill and for an order dissolving the preliminary restraint.
The factual allegations of complainant's bill and supporting affidavits essential to sustain an award of the relief sought are met by a full and complete denial in the affidavits filed by the defendant. Generally, where the allegations in support of an application for preliminary injunction are categorically denied by defendant's affidavits, the injunction will not issue, but complainant will be left to his proof at final hearing.Citizens' Coach Co. v. Camden Horse Railroad Co., 29 N.J. Eq. 299.
But, considering the cause on its merits as disclosed by the affidavits, it is clear that complainant obtained no contractual rights as a result of the negotiations between him and the defendant. The draft of a proposed written agreement was prepared but was not executed. Complainant contends that the terms of the contract had been fully agreed upon and that all that remained to be done was for the defendant to sign the instrument carrying those terms into effect. As respects this contention the proofs submitted are strongly in favor of the defendant and I entertain no doubt that the true picture is that presented by the defendant's affidavits, namely, that there had been no meeting of the minds of the parties at the time the conference of May 1st was terminated.
And even where the parties have agreed on all the terms of their contract, if it appears that they "mean to have them reduced to writing and signed before the bargain shall be considered as complete, neither party will be bound until that *Page 447 
is done, so long as the contract remains without any acts done on it on either side." Water Commissioners of Jersey City v.Brown, 32 N.J. Law 504; Donnelly v. Currie Hardware Co.66 N.J. Law 388. There are, of course, cases where the parties contemplate reducing their agreement, fully completed, to writing and do not, but are nevertheless bound. Trenton Mercer CountyTraction Corp. v. Trenton, 90 N.J. Law 378; affirmed,91 N.J. Law 719; Warton v. Stoutenburg, 35 N.J. Eq. 266. The factual situation in this cause does not bring it within the purview of those decisions.
The only other ground on which it would be possible to base the award of injunctive relief would be that of estoppel. Clearly there is nothing in the conduct of the parties from which an estoppel can be spelled out. Under the proposed agreement the only advantage to accrue to the defendant was a provision for an acceleration clause in the chattel mortgage. The agreement not having been executed, she has not received anything. As regards complainant's liability on the notes, his position is no different now from what it was before the inception of the negotiations. With respect to the stock purchased by complainant from Luciana, and which complainant asserts he would not have bought except in reliance upon the promise alleged to have been made by the defendant, it is sufficient to say that defendant was not a party to the stock purchase transaction and received no benefit therefrom; and further, that complainant received value for the money which he paid to Luciana.
The state of the proofs is such as to require a discharge of the order to show cause and of the preliminary restraint. On the motion to dismiss the bill, the allegations of the bill must be taken as true, and since the bill does, on its face, state an equitable cause of action, the motion to dismiss will be denied. *Page 448